Robert A. Schachter
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.
1345 Avenue of the Americas
31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*

**08 CV 10947**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DO DENIM, LLC,

                                  Plaintiff,

          -against-

FRIED DENIM, INC.

                               Defendant.
-----------------------------------------------------------X

Case Number:

**COMPLAINT**

Jury Trial Demanded

      Plaintiff, DO DENIM, LLC (hereinafter "Plaintiff"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., complaining of the above named Defendant FRIED DENIM, INC. (hereinafter "Defendant") alleges as follows:

### NATURE OF THE CASE

      1.     This is an action at law and in equity for trademark infringement and dilution, injury to business reputation, unfair competition and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (1994) ("Lanham Act"); the anti-dilution laws of the State of New York, the fair business practices and unfair and deceptive trade practices act of the State of New York, and the common law.

      2.     Defendant is offering for sale and selling jeans apparel that bears confusingly similar imitations of Plaintiff's Trade Dress. Defendant's jeans apparel is not manufactured by

Plaintiff, nor is Defendant connected or affiliated with, or authorized by, Plaintiff in any way. Defendant's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and dilutes and tarnishes the distinctive quality of Plaintiff's mark and trade dress.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made or established contacts with this State, sufficient to permit the exercise of personal jurisdiction. This District is a proper venue pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

4. At all relevant times herein, Plaintiff Do Denim, LLC has been and remains a domestic limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 231 West 39th Street, Suite 402, New York, New York 10018.

5. Upon information and belief, at all relevant times herein, Defendant Fried Denim, Inc. has been and remains a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 1407 Broadway, Suite 2600 and/or 916, New York, New York 10018 and/or 5316 New Utrecht Avenue, Brooklyn, NY 11219.

{00413722.DOC;1}

2

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. Plaintiff is a well-established lifestyle apparel company that has successfully positioned itself in the market of jeans apparel. Do Denim, since 2003, designs, manufactures and markets, jeans with distinctive designs.

7. Upon information and belief, Defendant is a clothing company that manufactures, markets and sells goods in interstate commerce that bear a confusingly similar imitation of the trade dress in at least two (2) of the denim jeans styles that Plaintiff has designed, and that it manufactures and sells (the "Trade Dress"). Pictures of the Trade Dress are attached hereto as Exhibits "A" and "B."

8. Since its introduction in 2004, the Trade Dress has been very successful in the marketplace.

9. Plaintiff has made substantial investments in connection with the designing, developing and marketing of the Trade Dress and directly and indirectly has incurred significant expenses of advertising of the Trade Dress.

10. Plaintiff has sold thousands of units of the goods nationally and internationally featuring the Trade Dress since the inception of the Trade Dress.

11. The goods manufactured, distributed, offered for sale and sold by Defendant are not manufactured by Plaintiff, nor is Defendant associated or connected with Plaintiff, or licensed, authorized, sponsored, endorsed or approved by Plaintiff in any way.

12. Plaintiff used the Trade Dress extensively and continuously before Defendant began using confusingly similar imitations of Plaintiff's jeans apparel.

13. The goods sold by Defendant are similar to and compete with goods sold by Plaintiff, and are sold through overlapping channels of trade. In particular, Defendant has

identified Plaintiff's customer base and has intentionally solicited sales to the customers at prices less than the price charged by Plaintiff.

14. Defendant's use of confusingly similar imitations of Plaintiffs' Trade Dress is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that jeans apparel sold by Defendant is manufactured by, authorized by or in some manner associated with Plaintiff, which it is not. The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of Plaintiff's Trade Dress is causing irreparable harm to the goodwill symbolized by the Trade Dress and the reputation for quality that they embody.

15. Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers and others, viewing Defendant's jeans apparel at the point of sale or on a wearer are likely -- due to Defendant's use of confusingly similar imitations of the Trade Dress -- to mistakenly attribute the product to Plaintiff. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products. By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the Trade Dress, and the reputation for quality that they embody.

16. Upon information and belief, Defendant continues to use confusingly similar imitations of Plaintiff's Trade Dress in connection with the sale of products that are directly competitive to those offered by Plaintiff. Defendant began selling these imitations well after Plaintiff established protectable rights to its Trade Dress.

17. Upon information and belief, Defendant knowingly, willfully, intentionally and maliciously, adopted and used confusingly similar imitations of Plaintiff's Trade Dress.

## FIRST CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION AS TO TRADE DRESS

18. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 17.

19. Plaintiff's Trade Dress has acquired secondary meaning.

20. Defendant's use of knockoff duplicates or confusingly similar imitations of Plaintiff's Trade Dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

21. Defendant has made false representations, false descriptions and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Trade Dress, for which Plaintiff has no adequate remedy at law.

22. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress to the great and irreparable injury of Plaintiff.

23. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## SECOND CLAIM FOR RELIEF

## <u>FEDERAL DILUTION AS TO TRADE DRESS</u>

24. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 23.

25. Plaintiff has extensively and continuously promoted and used the Trade Dress both in the United States and throughout the world, and the Trade Dress has thereby become a famous and well-known indicator of the origin of Plaintiff's goods.

26. Defendant is making commercial use in commerce of trade dress that dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive identification of this famous Trade Dress with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the Trade Dress, and otherwise lessening the capacity of the Trade Dress to identify and distinguish goods and services.

27. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress or to cause dilution of the Trade Dress, to the great and irreparable injury of Plaintiff.

28. Defendant has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of 15 U.S.C. § 1125(c), and Plaintiff therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## THIRD CLAIM FOR RELIEF

## DILUTION UNDER NEW YORK STATE LAW

29. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 28.

30. Plaintiff has extensively and continuously promoted and used the Trade Dress in the United States and throughout the world, and the trade dress has become a distinctive, famous and well-known symbol of Plaintiff's goods and services.

31. Defendant's unauthorized use of Plaintiff's Trade Dress dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive identification of this famous Trade Dress with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the Trade Dress.

32. Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of the N.Y. Gen. Business Law § 360-l (McKinney 1996).

## FOURTH CLAIM FOR RELIEF

## UNFAIR AND DECEIPTIVE TRADE PRACTICES

33. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 32.

34. Defendant has been and still is passing off its goods as those of Plaintiff, causing the likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with another, and otherwise damaging the public. Defendant's conduct constitutes

{00413722.DOC;1}

7

unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of and the unfair and deceptive trade New York, Gen. Bus. L. § 349 (McKinney 1988); Defendant's unauthorized use of confusingly similar imitations of Plaintiff's Trade Dress has caused and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

**WHEREFORE**, DO DENIM, LLC, prays that:

1. Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, should be enjoined permanently, from:

   a. using the Trade Dress, or any other copy, reproduction, or colorable imitation or simulation of Plaintiff's Trade Dress on or in connection with Defendant's goods or services;

   b. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos of Plaintiff;

   c. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by or in any way connected or related to Plaintiff;

        d.    using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Plaintiff; and

        e.    passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

    2.    Defendant should be ordered to recall all products bearing the Trade Dress or any other confusingly similar mark, which have been shipped by Defendant or under its authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

    3.    Defendant should be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of Plaintiff's trademarks or trade dress or that otherwise unfairly compete with Plaintiff and their products and services; Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

    4.    Plaintiff should be awarded all damages caused by the acts forming the basis of this Complaint;

5. Based on Defendant's knowing and intentional use of confusingly similar imitations of Plaintiff's Trade Dress, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6. Defendant's should be required to pay to Plaintiff, the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S. C. § 1117(a);

7. Based on Defendant's willful and deliberate infringement and dilution of Plaintiff's marks and trade dress, and to deter such conduct in the future, Plaintiff should be awarded punitive damages; and

8. Plaintiff has such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 16, 2008

Respectfully submitted,

ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK, P.C.

Robert A. Schachter
1345 Avenue of the Americas, 31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*

# EXHIBIT "A"

# EXHIBIT "B"



