Robert A. Schachter (RAS7138)
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.
1345 Avenue of the Americas
31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DO DENIM, LLC,

                                        Plaintiff,

            -against-

FRIED DENIM, INC.

                                        Defendant.
-----------------------------------------------------------X

Case Number: 08 CV 10947
Hon. Laura Taylor Swain

**AMENDED COMPLAINT**

Jury Trial Demanded

Plaintiff, DO DENIM, LLC (hereinafter "Plaintiff"), by its attorneys, Robinson Brog

Leinwand Greene Genovese & Gluck, P.C., complaining of the above named Defendant FRIED

DENIM, INC. (hereinafter "Defendant") alleges as follows:

## NATURE OF THE CASE

1.      This is an action at law and in equity for trademark infringement and dilution,

injury to business reputation, unfair competition and deceptive trade practices, arising under the

Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (1994) ("Lanham Act"); the Federal

Copyright Act of 1976, 17. USC. § 101, et seq.; ("Copyright Act") the anti-dilution laws of the

State of New York, the fair business practices and unfair and deceptive trade practices act of the

State of New York.

2.      Defendant is offering for sale and selling jeans apparel that bears virtually identical copies of Plaintiff's copyrighted designs and confusingly similar imitations of Plaintiff's trade dress.  Defendant's jeans apparel is not manufactured by Plaintiff, nor is Defendant connected or affiliated with, or authorized by Plaintiff in any way. Defendant's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and dilutes and tarnishes the distinctive quality of Plaintiff's mark and trade dress.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has distributed or sold infringing merchandise within the State of New York, has engaged in acts or omissions within the State of New York causing injury, has engaged in acts or omissions outside of the State of New York causing injury within the State of New York, has manufactured or distributed products used or consumed the State of New York in the ordinary course of trade, or has otherwise made or established contacts the State of New York, sufficient to permit the exercise of personal jurisdiction.  Furthermore Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1338(a), as it is an action arising under Acts of Congress relating to copyrights, namely, the Federal Copyright Act of 1976, 17 U.S.C. §101 et seq.

4.      Venue is properly placed in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

5.      At all relevant times herein, Plaintiff Do Denim, LLC has been and remains a domestic limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 231 West 39th Street, Suite 402, New York, NY 10018.

6.      Upon information and belief, at all relevant times herein, Defendant Fried Denim,

Inc. has been and remains a domestic corporation organized and existing under the laws of the

State of New York, with a principal place of business at 1407 Broadway, Suite 2600 and/or 916,

New York, New York 10018 and/or 5316 New Utrecht Avenue, Brooklyn, NY 11219.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Plaintiff is a well-established lifestyle apparel company that has successfully

positioned itself in the market of jeans apparel.  Since 2003, Do Denim designs, manufactures

and markets jeans with distinctive designs.

8.      In 2005, Plaintiff's employees designed two (2) distinct designs, to be used on the

back pockets of Plaintiffs jeans apparel (the "Wings Design" as defined below and the "Dragon

Design" as defined below, hereinafter collectively the "Designs").

9.      The Designs are works made for hire.

10.     The first design resembles a winged skull (the "Wings Design") and is used to

produce an embroidery that is stitched onto the flap of the back pockets of different models of jeans

apparel that Plaintiff sells to the public.  A copy of the design is attached hereto as Exhibit "A."

11.     The Wings Design is copyrightable subject matter under the laws of the United

States.

12.     Plaintiff has electronically applied for registration of the Wings Design with the

United States Copyright Office on February 25, 2009, complying in all respects with the registration

and deposit requirements of the United States Copyright Act, case no. 1-164477569.  A copy of the

Acknowledgement of Receipt regarding said application is attached hereto as Exhibit "B."

13.     The second design abstractly resembles a dragon (the "Dragon Design") and is used

to produce an elaborate raised embroidery that is stitched onto the back pockets of different models

of jeans apparel that Plaintiff sells to the public. A copy of the design is attached hereto as Exhibit "C."

14.     The Dragon Design is copyrightable subject matter under the laws of the United States.

15.     Plaintiff has applied for registration of the Dragon Design with the United States Copyright Office on February 25, 2009, complying in all respects with the registration and deposit requirements of the United States Copyright Act, case no. 1-164477331. A copy of the Acknowledgement of Receipt regarding said application is attached hereto as Exhibit "D."

16.     Plaintiff legally owns the Designs and the exclusive copyrights therein and is entitled to copyright protection.

17.     Since 2005, Plaintiff has manufactured and sold, and is still selling, jeans apparel that feature the Designs.

18.     The embroidery that is modeled after the Dragon Design features a distinctive embellished appearance on the back pockets of the jeans apparel, including a unique and nonfunctional design of an abstract dragon, that identifies to consumers that the origin of the product lies with Plaintiff (the "DRAGON Trade Dress"), as depicted in Exhibit "E," attached hereto.

19.     Plaintiff has made substantial investments in connection with the designing, developing and marketing of the DRAGON Trade Dress and directly and indirectly has incurred significant expenses of advertising of the DRAGON Trade Dress.

20.     Since its introduction in 2005, the DRAGON Trade Dress has been very successful in the marketplace.

21.     Plaintiff has nationally and internationally sold approximately five hundred thousand (500,000) units of the goods featuring the DRAGON Trade Dress.

22. Plaintiff has sold approximately twelve million dollars ($12,000,000.00) worth of jeans featuring the DRAGON Trade Dress.

23. As a result of Plaintiff's extensive use and promotion of its DRAGON Trade Dress, Plaintiff has built up and now owns valuable goodwill that is based on demand for its distinctively styled quality jeans that feature the DRAGON Trade Dress.

24. The DRAGON trade dress is distinctive and non-functional and has achieved secondary meaning.

25. Plaintiff has become identified in the minds of the public as the provider of the jeans apparel featuring the DRAGON Trade Dress.

26. Upon information and belief, Defendant is a clothing company that manufactures, markets and sells jeans apparel in interstate commerce.

27. Upon information and belief Defendant manufactured, offered for sale, sold and still offers for sale and sells to the public jeans that bear a virtually identical, imitation of Plaintiff's Wings and Dragon Designs and its DRAGON Trade Tress.

28. Defendant produces and sells a jeans model with the style number GP6050 ("Style GP6050"). Style GP6050 bears a copy and imitation of Plaintiff's Dragon Design and DRAGON Trade Dress. A picture consisting of a side by side comparison of Defendant's Style GP6050 and one of Plaintiff's jeans models featuring the Dragon Design and DRAGON Trade Dress is attached hereto as Exhibits "F."

29. Defendant also produces and sells a jeans model with the style number GP6065 ("Style 6065"). Style GP6065 bears a copy of Plaintiff's Wings Design.

30. In or about November 2008, Plaintiff discovered that Defendant was offering for sale Styles GP6050 and GP6065 at Defendant's showroom in Manhattan's garment district.

31. Defendant had access to Plaintiffs embroidery designs and the Trade Dress.

32.     Upon information and belief, Defendant even uses actual pictures of Plaintiff's jeans apparel in Defendant's style catalogue. A copy of pertinent sections of the catalogue advertising Styles GP6050 and GP6065 by using pictures of Plaintiff's jeans apparel is attached hereto as Exhibit "G."

33.     Defendant's style catalogue was provided to Plaintiff in electronic form as an attachment to an email sent by a representative of Defendant.

34.     Upon information, and belief the depictions of Defendant's styles which are at issue, Fried Denim Styles. GP06050 and GP06065, are actually pictures of Plaintiff's jeans models, featuring the Designs and the DRAGON Trade Dress, and bearing Plaintiff's Do Denim logo ("DO" in stylized script on the right side of the rear waistband).

35.     Defendant blatantly copied Plaintiff's Wings Design and Dragon design and its DRAGON Trade Dress.

36.     The goods manufactured, distributed, offered for sale and sold by Defendant are not manufactured by Plaintiff, nor is Defendant associated or connected with Plaintiff, or licensed, authorized, sponsored, endorsed or approved by Plaintiff in any way.

37.     Plaintiff used the DRAGON Trade Dress extensively and continuously before Defendant began using confusingly similar imitations of Plaintiff's jeans apparel.

38.     The goods sold by Defendant are strikingly similar to and compete with goods sold by Plaintiff, and are sold through overlapping channels of trade.  In particular, Defendant has identified Plaintiff's customer base and has intentionally solicited sales to the customers at prices less than the price charged by Plaintiff.

39.     Defendant's use of confusingly similar imitations of Plaintiffs' DRAGON Trade Dress is likely to deceive, confuse and mislead purchasers and prospective purchasers into

believing that jeans apparel sold by Defendant is manufactured by, authorized by, or in some manner associated with Plaintiff, which it is not. The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of Plaintiff's DRAGON Trade Dress is causing irreparable harm to the goodwill symbolized by the DRAGON Trade Dress and the reputation for quality that it embodies.

40.     Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers and others, viewing Defendant's jeans apparel at the point of sale or on a wearer are likely -- due to Defendant's use of confusingly similar imitations of the Trade Dress -- to mistakenly attribute the product to Plaintiff. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products. By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the Trade Dress, and the reputation for quality that they embody.

41.     Upon information and belief, Defendant continues to use confusingly similar imitations of Plaintiff's DRAGON Trade Dress in connection with the sale of products that are directly competitive to those offered by Plaintiff. Defendant began selling these imitations well after Plaintiff established protectable rights to its Trade Dress.

42.     Upon information and belief, Defendant knowingly, willfully, intentionally and maliciously, adopted and used confusingly similar imitations of Plaintiff's Trade Dress.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT AS TO THE DESIGNS

43.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 42.

44.     Defendant copied the Plaintiff's Designs in its entirety.

45.     Defendant has usurped Plaintiff's unique and valuable copyrights in the Designs, offering for sale and selling its Styles GP6050 and GP6065 without obtaining a license from Plaintiff, and upon information and belief, the Defendants have continued with their infringing conduct even after being notified by Plaintiff and making them aware of their infringements against Plaintiff.

46.     Prior to embarking on their exploitation of Plaintiff's rights, Defendants never sought or obtained a license from Plaintiff.

47.     Defendants acted in knowing and reckless disregard of Plaintiff's rights. Defendants' infringement was "willful," as that term is used in the Copyright Act, in that Defendants copied, offered for sale and sold Plaintiffs Designs.

48.     Therefore, Defendants infringed upon Plaintiff's copyrights in the Designs by unlawfully incorporating same into its jeans apparel.  The aforesaid exploitation of Plaintiff's Designs, is injurious to Plaintiff's copyrights and to its substantial detriment.

49.     Therefore, and by reason of the foregoing acts of copyright infringement, Plaintiff is entitled to a permanent injunction restraining Defendants from continuing the aforesaid acts of infringement, and to an award of damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION AS TO TRADE DRESS
## (THE DRAGON TRADE DRESS)

50.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 49.

51.     Plaintiff's DRAGON Trade Dress has acquired secondary meaning.

52.     Defendant's use of knockoff duplicates or confusingly similar imitations of Plaintiffs DRAGON Trade Dress has caused and is likely to cause confusion, deception, and

mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

53.   Defendant has made false representations, false descriptions and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the DRAGON Trade Dress, for which Plaintiff has no adequate remedy at law.

54.   Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress to the great and irreparable injury of Plaintiff.

55.   Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## THIRD CLAIM FOR RELIEF
## FEDERAL DILUTION AS TO TRADE DRESS

56.   Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 55.

57.   Plaintiff has extensively and continuously promoted and used the DRAGON Trade Dress both in the United States and throughout the world, and the DRAGON Trade Dress has thereby become a famous and well-known indicator of the origin of Plaintiff's goods.

58.     Defendant is making commercial use in commerce of a design that dilutes and is likely to dilute the distinctiveness of Plaintiff's DRAGON Trade Dress by eroding the public's exclusive identification of this famous DRAGON Trade Dress with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the DRAGON Trade Dress, and otherwise lessening the capacity of the DRAGON Trade Dress to identify and distinguish goods and services.

59.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's DRAGON Trade Dress or to cause dilution of the DRAGON Trade Dress, to the great and irreparable injury of Plaintiff.

60.     Defendant has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive DRAGON Trade Dress in violation of 15 U.S.C. § 1125(c), and Plaintiff therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## FOURTH CLAIM FOR RELIEF
## DILUTION UNDER NEW YORK STATE LAW

61.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 60.

62.     Plaintiff has extensively and continuously promoted and used the DRAGON Trade Dress in the United States and throughout the world, and the trade dress has become a distinctive, famous and well-known symbol of Plaintiff's goods and services.

63.     Defendant's unauthorized use of Plaintiff's DRAGON Trade Dress dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive

identification of this famous DRAGON Trade Dress with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the DRAGON Trade Dress.

64.     Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive DRAGON Trade Dress in violation of the N.Y. Gen. Business Law § 360-l (McKinney 1996).

## FIFTH CLAIM FOR RELIEF
## UNFAIR AND DECEIPTIVE TRADE PRACTICES

65.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 64.

66.     Defendant has been and still is passing off its goods as those of Plaintiff, causing the likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with another, and otherwise damaging the public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of and the unfair and deceptive trade New York, Gen. Bus. L. § 349 (McKinney 1988); Defendant's unauthorized use of confusingly similar imitations of Plaintiff's DRAGON Trade Dress has caused and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

**WHEREFORE**, DO DENIM , LLC, prays that:

1.      For the First Claim,

a. Defendants, their agents, and servants be enjoined, during the pendency of this action, and permanently thereafter, from infringing the aforesaid copyrights of Plaintiff in any manner, and from publishing, licensing, selling, marketing and/or otherwise disposing of any copies of the infringingDEsigns, as aforesaid;

b. That Defendants be required to deliver up, to be impounded during the pendency of this action, all copies of the motion picture "Su Vida y la Calle" containing the infringing Works in their possession or under their control, and to deliver up for destruction all infringing copies and all other matter for making such infringing copies;

c. That Defendants be required to pay to Plaintiff such actual damages as he has sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. §504(b);

d. That Defendants be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by Defendants from their infringement of said Plaintiff's copyright pursuant to 17 U.S.C. 504(b);

2.    For the Second, Third, Fourth and Fifth Claim

a. Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, should be enjoined permanently, from:

   i. using the Trade Dress, or any other copy, reproduction, or colorable imitation or simulation of Plaintiff's Trade Dress on or in connection with Defendant's goods or services;

ii.  using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos of Plaintiff;

iii.  using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by or in any way connected or related to Plaintiff;

iv.  using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Plaintiff; and

v.  passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

b.  Defendant should be ordered to recall all products bearing the Trade Dress or any other confusingly similar mark, which have been shipped by Defendant or under its authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

c. Defendant should be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of Plaintiff's trademarks or trade dress or that otherwise unfairly compete with Plaintiff and their products and services; Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

d. Plaintiff should be awarded all damages caused by the acts forming the basis of this Complaint;

e. Based on Defendant's knowing and intentional use of confusingly similar imitations of Plaintiff's Trade Dress, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

f. Defendant's should be required to pay to Plaintiff, the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S. C. § 1117(a);

g. Based on Defendant's willful and deliberate infringement and dilution of Plaintiff's marks and trade dress, and to deter such conduct in the future, Plaintiff should be awarded punitive damages; and

3.      Plaintiff has such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        February 25, 2008

                                        Respectfully submitted,

                                        ROBINSON BROG LEINWAND
                                        GREENE GENOVESE & GLUCK, P.C.

                                        _Robert A. Schachter_

                                        Robert A. Schachter (RAS7138)
                                        1345 Avenue of the Americas, 31st Floor
                                        New York, NY 10105
                                        Tel: 212.603.6300
                                        Fax: 212.956.2164
                                        *Attorneys for Plaintiff*

To:

Matthew A. Bondy
Mishaan Dayon and Lieblich
1370 Broadway Suite 802
New York, NY 10018

Exhibit "A"



# Exhibit "B"

**Daniel Zohny**

| | |
|---|---|
| **From:** | Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Wednesday, February 25, 2009 7:01 PM |
| **To:** | Daniel Zohny |
| **Subject:** | Acknowledgement of Receipt |

THIS IS AN AUTOMATED EMAIL - DO NOT REPLY.

Thank you for submitting your registration claim using the electronic Copyright Office
(eCO) System. This email confirms that your application and fee for the work Do Denim
Skull & Wings was received on 02/25/2009. The following applies to registration claims
only (not preregistrations):

The effective date of registration is established when the application, fee AND the
material being registered have been received. If you have not yet sent the material to be
registered, logon to eCO and click the blue case number associated with your claim in the
Open Cases table, then do one of the following:

For digital uploads: Click the Upload Deposit button at the top of the Case Summary
screen, then browse and select the file(s) you wish to upload. Note: only certain classes
of works may be registered with digital deposits (See FAQs:
http://www.copyright.gov/eco/faq.html#eCO_1.4).

For hardcopy submissions:  Click the Send by Mail button at the top of the Case Summary
screen, then click the Shipping Slip link that appears in the Attachments table. Print out
and attach the shipping slip to the copy(ies) of your work. For multiple works, be sure to
generate and attach separate shipping slips for each work.

You will be issued a paper certificate by mail after the registration has been completed.
You may check the status of this claim via eCO using this number [1-164477569].

[THREAD ID: 1-2PYV10]

United States Copyright Office

1-2PYWLV

## Payment successful.
## Click the "Next" button to complete your registration.

## Customer Information

 

Daniel Zohny

1345 Avenue of the Americas

31st Floor

New York, NY 10105

## Submissions

### Cases

1 - 2 of 2

| Case # | Title | Type of Work | Fee Paid | Require Submission |
|--------|-------|--------------|----------|--------------------|
| 1-164477569 | Do Denim Skull & Wings | Work of the Visual Arts | 35.00 | Y |
| 1-164477331 | Do Denim Signature Dragon Embroidery | Work of the Visual Arts | 35.00 | Y |

| Total Amount Due: | | | $70.00 | |
|---|---|---|---|---|

## Payment Info

| | |
|---|---|
| **Amount Paid:** | $ 70.00 |
| **Account:** | XX2857 |
| **Paid By:** | Robinson Brog |
| **Pay Date:** | 2/25/2009 |
| **Payment Type:** | Credit Card |
| **Confirmation #:** | 008293 |

Exhibit "C"



# Exhibit "D"

**Daniel Zohny**

| | |
|---|---|
| **From:** | Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Wednesday, February 25, 2009 7:01 PM |
| **To:** | Daniel Zohny |
| **Subject:** | Acknowledgement of Receipt |

THIS IS AN AUTOMATED EMAIL - DO NOT REPLY.

Thank you for submitting your registration claim using the electronic Copyright Office (eCO) System. This email confirms that your application and fee for the work Do Denim Signature Dragon Embroidery was received on 02/25/2009. The following applies to registration claims only (not preregistrations):

The effective date of registration is established when the application, fee AND the material being registered have been received. If you have not yet sent the material to be registered, logon to eCO and click the blue case number associated with your claim in the Open Cases table, then do one of the following:

For digital uploads: Click the Upload Deposit button at the top of the Case Summary screen, then browse and select the file(s) you wish to upload. Note: only certain classes of works may be registered with digital deposits (See FAQs: http://www.copyright.gov/eco/faq.html#eCO_1.4).

For hardcopy submissions:  Click the Send by Mail button at the top of the Case Summary screen, then click the Shipping Slip link that appears in the Attachments table. Print out and attach the shipping slip to the copy(ies) of your work. For multiple works, be sure to generate and attach separate shipping slips for each work.

You will be issued a paper certificate by mail after the registration has been completed. You may check the status of this claim via eCO using this number [1-164477331].

[THREAD ID: 1-2PYUZW]

United States Copyright Office

1-2PYWLV

## Payment successful.
### Click the "Next" button to complete your registration.

## Customer Information

 

Daniel Zohny

1345 Avenue of the Americas

31st Floor

New York, NY 10105

## Submissions

### Cases

| Case # | Title | Type of Work | Fee Paid | Require Submission |
|---|---|---|---|---|
| 1-164477569 | Do Denim Skull & Wings | Work of the Visual Arts | 35.00 Y | |
| 1-164477331 | Do Denim Signature Dragon Embroidery | Work of the Visual Arts | 35.00 Y | |

1 - 2 of 2

| Total Amount Due: | | | $70.00 | |

## Payment Info

| | |
|---|---|
| **Amount Paid:** | $  70.00 |
| **Account:** | XX2857 |
| **Paid By:** | Robinson Brog |
| **Pay Date:** | 2/25/2009 |
| **Payment Type:** | Credit Card |
| **Confirmation #:** | 008293 |

Exhibit "E"



Exhibit "F"



Exhibit "G"





GP06065